IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Thomas Levon Mitchell, | ) | |
| | ) | C.A. No.  4:06-2089-HMH-TER |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael Sheedy, Warden of | ) | |
| Turbeville Correctional Institution; | ) | |
| and Attorney General for South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for review of the Report and Recommendation of

United States Magistrate Judge Thomas E. Rogers made in accordance with 28 U.S.C.

§ 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1]  Thomas Levon

Mitchell ("Mitchell") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Magistrate Judge Rogers recommends granting the Respondents' motion for summary

judgment.  Mitchell objects to the Magistrate Judge's Report and Recommendation.  For the

reasons stated below, the court grants the Respondents' motion for summary judgment and

dismisses Mitchell's § 2254 petition.

---

[1]  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1) (2006).

# I. FACTUAL AND PROCEDURAL BACKGROUND

Mitchell is currently confined at Manning Correctional Institution of the South Carolina Department of Corrections. On April 11, 2002, Mitchell was indicted for trafficking in cocaine, possession of cocaine with intent to distribute within proximity of school, and assault on a law enforcement officer. (PCR App. 107-08.)

Richard Strobel ("Strobel") represented Mitchell on these charges. Mitchell pled guilty on October 28, 2002, to trafficking in cocaine, second offense. Mitchell was sentenced to eight years imprisonment and ordered to pay a $50,000 fine. (Id. 1-24.)

Mitchell did not file a direct appeal. However, on January 8, 2003, Mitchell filed an application for post-conviction relief ("PCR") alleging the following claims:

1.   My conviction and sentence was obtained unlawfully in violation of the Fourteenth Amendment to the United States Constitution; Lack of subject matter jurisdiction.
2.   My conviction and sentence was obtained unlawfully in violation of Articles V, 1 and Article VIII, § 14 of the South Carolina Constitution; Lack of subject matter jurisdiction.
3.   My conviction and sentence was obtained unlawfully in violation of the Sixth Amendment to the United States Constitution. [Ineffective assistance of counsel].filed a direct appeal with the South Carolina Supreme Court.

(Id. 25-31.) Mitchell was represented by R. Kendall Hiller ("Hiller") during his PCR hearing. After a hearing on June 29, 2004, the Honorable B. Hicks Harwell, Jr., filed an order of dismissal denying relief and dismissing the PCR application with prejudice on August 5, 2004. The order addresses whether counsel was constitutionally ineffective for failing to move to suppress certain evidence, failing to dispose of Mitchell's case within 180

2

days of arrest, and failing to inform Mitchell of his right to appeal.   (Id. 100-06.)   Mitchell

filed a Rule 59(e) motion on August 27, 2004, which was dismissed on April 15, 2005.

Robert M. Pachak ("Pachak") filed a Johnson petition for writ of certiorari and

moved to be relieved as counsel on May 23, 2005.  The only issue presented in the Johnson

petition was "Whether petitione[r's] guilty plea complied with the mandates set

forth in Boykin v. Alabama?"  (Johnson Pet. for Writ of Cert. 2.)  Mitchell filed a pro se

petition for writ of certiorari on June 8, 2005, presenting the following issues:

1.    Did the PCR Court fail to make the required findings of fact concerning
      the Petitioner's claims of ineffective assistance of counsel?
2.    Was the trial counsel ineffective by failing to properly investigate the
      Petitioner's arrest and criminal history?
3.    Was the trial counsel ineffective by failing to properly challenge the
      Petitioner's indictment and chain of custody with pretrial motions?
4.    Did the Petitioner's indictment fail to include all of the essential elements
      of trafficking in cocaine?
5.    Was the Petitioner indicted as a first offender of trafficking in cocaine and
      erroneously sentenced as a second offender of trafficking in cocaine (10
      grams to 28 grams)?
6.    Did the Petitioner receive an improper/excessive sentence upon the
      express advice of his defense counsel?
7.    Did the trial court fail to advise the Petitioner during the pleataking
      process about the two (2) years community supervision prejudice the
      Petitioner under Federal Rule 11.10(c)(1)?

(Mitchell's Pet. for Writ of Cert. 2.)  On July 7, 2006, the South Carolina Supreme Court

denied the petition for writ of certiorari and granted Pachak's request to withdraw as counsel.

The remittitur was sent down on July 25, 2006.  Mitchell filed the instant petition for a writ

of habeas corpus pursuant to § 2254 on July 19, 2006.

3

Mitchell's § 2254 petition asserts the following grounds for relief:

GROUND ONE: My conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

SUPPORTING FACTS: The Petitioner's lawyer . . . nor the sentencing judge . . . informed the Petitioner about the two . . . years community supervision that he must complete after his prison term.

GROUND TWO: My conviction was aided by the use of evidence gained pursuant to an unconstitutional search and seizure.

SUPPORTING FACTS: The officers did not have probable cause to search the Petitioner because they did not obtain a search warrant, they did not get consent from the Petitioner, nor is their confidential informant reliable.

GROUND THREE: My conviction was also aided by the use of evidence obtained pursuant to an unlawful arrest.

SUPPORTING FACTS: Officer Davis searched the Petitioner without his consent and he did not have a search warrant. The Petitioner was maced because he refused to allow Officer Davis to search him. The Petitioner was maced and handcuffed (which constitutes an arrest) before the drugs was (sic) found.

GROUND FOUR: The Petitioner was denied effective assistance of counsel because of the following reasons:

SUPPORTING FACTS:  1) Counsel did not advise Petitioner about the two (2) years supervision.  2) Counsel misadvised Petitioner to plead guilty to a second offense of trafficking in cocaine, when in fact the Petitioner's indictment charged him with a first offense and the indictment was not amended.  3) Counsel did not view Petitioner's indictment with a practical eye because Petitioner's indictment failed to include all of the subjections (sic).  4) Counsel did not investigate Petitioner's chain of custody which has a break in the chain.  5) Counsel did not investigate the Petitioner's unlawful arrest.  6) Counsel did not file any motions.  Suppress illegally obtained evidence was not filed.  7) Counsel did not investigate the informant's veracity, reliability and basis of knowledge under totality of circumstances in determining value of informant's report in establishing probable cause for search.  8) Counsel did not investigate Petitioner's prior criminal history.  9) Counsel did not interview any witnesses.  10) Counsel failed to advise Petitioner that he could appeal.  11) Counsel was hired July 1, 2002 and did not see Petitioner until Friday, October 25, 2002 (Petitioner was incarcerated the entire time) and pursuaded (sic) Petitioner to plead guilty Monday, October 28, 2002.

4

(Mitchell's § 2254 Pet., generally.)  The Respondents filed a motion for summary judgment on September 19, 2006.  Petitioner responded to the motion for summary judgment on October 18, 2006.

## II. THE REPORT AND RECOMMENDATION

Magistrate Judge Rogers found that Mitchell is procedurally barred from asserting Claims 1 through 3.  (Report and Recommendation 14-16.)  Further, as to Claim 4, the Magistrate Judge found that Mitchell is procedurally defaulted from raising grounds 1, 2, 3, 4, 7, 8, 9, and 11 of his ineffective assistance of counsel claims.  (Id. 22-25.)  As to grounds 5 (failure to investigate Mitchell's unlawful arrest) and 6 (failure to file motions), the Magistrate Judge found that Mitchell's counsel was not constitutionally ineffective because Mitchell pled guilty.  (Id. 26.) As to ground 10 (failure to advise Mitchell that he could appeal), the Magistrate Judge found that Mitchell failed to show nonfrivolous grounds for appeal.  (Id. 29.)

## III. DISCUSSION OF THE LAW

### A.  Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving

party is to be believed and all justifiable inferences must be drawn in his favor.  <u>See</u>

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes

over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary

will not be counted."  <u>Id.</u> at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of

the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise

provided in this rule, must set forth specific facts showing that there is a genuine issue for

trial."  Fed. R. Civ. P. 56(e).  With respect to this burden, "it is the responsibility of the

[nonmovant], not the court, to identify with particularity the evidentiary facts existing in the

record which can oppose the [movant's] summary judgment motion."  <u>Malina v. Baltimore</u>

<u>Gas & Elec. Co.</u>, 18 F. Supp. 2d 596, 604 (D. Md. 1998).

**B.  Standard of Review in a § 2254 Petition**

In addition to the standard that the court must employ in considering motions for

summary judgment, the court must also consider the petition under the requirements set forth

in 28 U.S.C. § 2254.  Under § 2254(d),

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in the State court proceedings unless the
adjudication of the claim –
(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the State court proceeding.

6

As "a determination of a factual issue made by a State court shall be presumed to be correct," Mitchell has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410). "Thus, to grant [Mitchell's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Mitchell filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Mitchell's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. However, the court was able to glean five objections. First, Mitchell argues that his claim that his guilty plea was involuntary and unlawful because neither his attorney nor the judge informed him that he would have two years of community supervision after his release from custody is not procedurally defaulted. (Objections 6.) Second, Mitchell argues that his claim that his counsel was constitutionally ineffective for failing to inform him that he would have to serve two years of community supervision is not procedurally defaulted because he raised it in his petition for writ of certiorari. (Id. 10.) As to the remaining three objections, Mitchell alleges that his counsel was constitutionally ineffective for (3) failing to investigate his unlawful arrest, (4) failing to file any motions, and (5) failing to advise Mitchell of his right to appeal. (Id. 14-16, 17-18.)

### 1. Procedural Default

In his Report and Recommendation, the Magistrate Judge found that Mitchell failed to present Claim 1 in his PCR action. Therefore, Magistrate Judge Rogers found that Mitchell is procedurally barred from presenting this issue in his § 2254 petition.

"Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that a state court has found to be clearly and expressly defaulted under an independent and adequate state procedural rule. . . ." Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371,

375 (1998) (citing <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977)).  Mitchell argues that he raised

this claim during his PCR action and cites the following testimony to support his position:

> Court:  "What's causing me to pause is the judge did his job before he accepted
> your plea.  Didn't you understand what the consequences were of the
> negotiated plea?
> Mitchell: "Not all of them."

(PCR App. 73.)  However, the testimony did not end at this point.  Next, the court asked

Mitchell, "What did you not understand," and Mitchell responded that he thought he "would

be able to get parole."  (<u>Id.</u>)   Mitchell's counsel read the portion of the guilty plea transcript

advising Mitchell that he was not eligible for parole.  (<u>Id.</u> 79.)

Mitchell was required to raise Claim 1 in his state PCR application.  <u>See</u> S.C. Code

Ann. § 17-27-90.   Therefore, this claim is procedurally defaulted and, consequently,

exhausted.  <u>See</u> <u>Matthews v. Evatt</u>, 105 F.3d 907, 911, 916 (4th Cir. 1997) ("[T]he

exhaustion requirement for claims not fairly presented to the state's highest court is

technically met . . . when a state procedural rule would bar consideration if the claim was

later presented to the state court." (internal citations omitted)).

However, despite the court's finding that this claim is fully exhausted due to

procedural default, Mitchell's procedural default may be excused if he "can demonstrate

cause for the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claims will result in a fundamental miscarriage of

justice."  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  Mitchell has not met this

burden.

To the extent Mitchell is arguing cause for the default based on Strobel's alleged ineffective assistance of counsel for failing to inform him that he would have to serve two years of community supervision, this argument fails.  "Generally, 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'"  <u>Williams v. French</u>, 146 F.3d 203, 210 n.9 (4th Cir. 1998) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 489 (1986); <u>see also</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 453 (2000).  Mitchell presented this ineffective assistance of counsel claim for the first time in his pro se petition for writ of certiorari.  Therefore, the South Carolina Supreme Court could not review this issue.  S.C. Code Ann. § 17-27-90; <u>see</u> <u>State v. Rice</u>, 559 S.E.2d 360, 361 (S.C. Ct. App. 2001) (finding that argument raised for the first time on appeal, which did not involve a question of subject matter jurisdiction, is not preserved for appellate review); <u>State v. Johnson</u>, 476 S.E.2d 681, 682 (S.C. 1996) (issues not raised to the trial court are not preserved for appellate review).  As such, this claim is procedurally defaulted as well.

Hence, Mitchell's allegation that Strobel rendered ineffective assistance of counsel does not constitute cause to excuse Mitchell's procedural default of the due process portion of Claim 1.  Further, Mitchell has failed to show cause or prejudice to excuse his procedural default of the ineffective assistance of counsel claim relating to Strobel's failure to inform Mitchell of the two-year community supervision required after completion of his sentence.  Based on the foregoing, Claim 1 and  Claim 4, ground 1, of Mitchell's ineffective assistance of counsel grounds are dismissed.

### 2. Ineffective Assistance of Counsel

#### a. Failure to file motions and investigate "unlawful arrest"

Mitchell objects to the Magistrate Judge's recommendation to grant the Respondents' motion for summary judgment on grounds 5 and 6 of his ineffective assistance of counsel claim, alleging that Strobel was constitutionally ineffective for failing to investigate Mitchell's "unlawful arrest" and failing to file any motions. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Mitchell must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Mitchell must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"A voluntary and intelligent guilty plea is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal citation and quotation marks omitted). "Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects . . . including the right to contest the factual merits of the charges." Id. (internal quotation marks and citation omitted).

11

The PCR court found that Mitchell's

> allegation that trial counsel was ineffective in failing to move to suppress the evidence is without merit. This was a guilty plea, and as such, [Mitchell] waived the right to offer a defense. The guilty plea colloquy was very thorough as to [Mitchell's] understanding of the proceeding and the rights he was giving up by pleading guilty. [Mitchell] answered all the questions posed to him and stated he understood. At the one point in the proceeding that he expressed concern, the trial judge gave him time to confer with trial counsel. After the conference, [Mitchell] stated on the record that his questions had been answered and that the confusion had been cleared up. This Court finds that trial counsel was not ineffective for failing to file a motion to suppress because [Mitchell] pled guilty.

(PCR App. 103-04.)

Based on the foregoing, the PCR court's decision denying Mitchell's ineffective assistance of counsel claims alleging that Strobel failed to file any motions or investigate Mitchell's "unlawful arrest" was neither contrary to clearly-established Federal law nor based on an unreasonable determination of the facts. Therefore, these claims are dismissed.

### b. Failure to Appeal

In the absence of a direct instruction from the defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instruction to appeal. See id. If, on the other hand, counsel has failed to consult, the court must consider whether this failure constitutes deficient performance. See id.

The PCR court found that Mitchell "was not denied his right to a direct appeal. Absent extraordinary circumstances, there is no constitutional requirement that counsel

inform the defendant of right to appeal from guilty plea.  <u>Weathers v. State</u>, 319 S.C. 59, 459 S.E.2d 838 (1995)."  (PCR App. 104.)

However, "consulting" requires "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."  <u>Roe</u>, 528 U.S. at 478.  Strobel negotiated a plea for Mitchell that "gave him significantly less time than he was facing on all of the charges."  (PCR App. 104.)  At Mitchell's PCR hearing, Strobel testified that "more than likely" he advised Mitchell of his right to appeal.  (<u>Id.</u> 55)  Strobel testified that "He just told me he wanted to plead guilty if I could get him a good deal. That I did."  (<u>Id.</u> 53)   The court is unable to conclude from Strobel's testimony that he "consulted" with Mitchell regarding an appeal.  Therefore, the court must determine whether Stroebel's failure to consult with Mitchell regarding an appeal was constitutionally deficient.

The Sixth Amendment requires counsel to consult with the defendant regarding an appeal when counsel has reason to believe "either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  <u>Roe</u>, 528 U.S. at 480.  The court finds that Strobel did not render ineffective assistance of counsel for failing to consult with Mitchell regarding an appeal.  Mitchell testified that he wanted to appeal because the "whole case originated from . . . [an] illegal search and seizure."  (PCR App. 82).  However, by pleading guilty waived the right to raise an illegal search and seizure claim on appeal.  Therefore, this is not a nonfrivolous grounds for appeal.

13

The lack of grounds for appeal was further demonstrated by the South Carolina Supreme Court's dismissal of Mitchell's appeal of the PCR court's ruling. Mitchell's appellate counsel filed a petition pursuant to Johnson v. State, 364 S.E.2d 201 (1988). The court dismissed Mitchell's appeal of the PCR court's ruling as frivolous and allowed counsel to withdraw. Therefore, the South Carolina Supreme Court's dismissal of Mitchell's PCR appeal as frivolous further demonstrates that no nonfrivolous grounds existed for appealing his conviction.

In addition, Mitchell fails to demonstrate prejudice as a result of Strobel's failure. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 484. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." Id. at 485. Therefore, Mitchell fails to demonstrate that "had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." Id. at 486. Based on the foregoing, Mitchell's ineffective assistance of counsel claim based on Strobel's failure to inform Mitchell that he could file a direct appeal is without merit.

Therefore, it is

**ORDERED** that the Respondents' motion for summary judgment, docket no. 8, is granted. It is further

**ORDERED** that Mitchell's § 2254 petition is dismissed.

**IT IS SO ORDERED.**


                                        s/Henry M. Herlong, Jr.
                                        United States District Judge

Greenville, South Carolina
September 25, 2007

### NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.